```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

KENNETH WYRICK and LEE WYRICK,    :

    Plaintiffs,
and                               :

BALBOA INSURANCE COMPANY,         :    No. 3:06cv578 (AHN)

    Intervenor-plaintiff,
v.                                :

UNDERWRITERS AT LLOYD'S, LONDON,  :

    Defendants.

## ORDER ON PENDING MOTIONS

The motion of Kenneth and Lee Wyrick for an extension of time [doc. #41] is GRANTED IN PART and DENIED IN PART. Insofar as the motion seeks an extension of the discovery deadline by thirty days, the motion is DENIED without prejudice to renewal. Insofar as the motion seeks an extension of the dispositive motion deadline, the motion is GRANTED in the following manner:

1. Lloyd's has until July 13, 2007 to file a motion for summary judgment.

2. The Wyricks have until August 31, 2007 to file a cross-motion for summary judgment.

3. Balboa also has until August 31, 2007 to file a cross-motion for summary judgment.

Lloyd's motion to bifurcate the claims in this case [doc. #45] is GRANTED. The parties shall address in their motions for summary judgment the sole issue of whether there was an insurance

policy in effect at the time of the fire that destroyed the Wyricks' home. For reasons of judicial efficiency and economy, the other claims in the complaint such as bad faith, CUTPA and CUIPA shall not be addressed in the motions. <u>See</u> Fed. R. Civ. P. 42(b); <u>Vichare v. AMBAC, Inc.</u>, 106 F.3d 457, 466 (2d Cir. 1996) (holding that bifurcation is proper when the determination of one issue may obviate the need to address the remaining claims in the case). Should the court rule that the insurance policy was in effect at the time of the loss, the court may set a schedule for further motions for summary judgment to allow the parties to address the remaining claims.

Lloyd's motion to stay discovery [doc. #46] pending this court's ruling on the motions for summary judgment is GRANTED. The parties acknowledge that no further discovery is necessary to determine whether the insurance policy was in effect at the time of the loss.

Lloyd's motion for protective order [doc. #46] preventing disclosure of its claim file, or in the alternative, to delay the claim file's disclosure until the court determines whether a policy was in effect at the time of the loss, is GRANTED IN PART and DENIED IN PART. Insofar as Lloyd's seeks a protective order, the motion is DENIED without prejudice to renewal. Insofar as Lloyd's seeks to delay the disclosure of the claims file until the court determines whether a policy was in effect, the motion

2

is GRANTED.

SO ORDERED this _29th_ day of June 2007, at Bridgeport, Connecticut.

```
_____/s/_____
         Alan H. Nevas
    United States District Judge
```